UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Linda L. Mooney and Lieselotte
W. Thorpe, on behalf of
themselves and all others
similarly situated,

                Plaintiffs,                **MEMORANDUM OPINION AND ORDER**

       v.                                Civil No. 06-545 ADM/FLN

Allianz Life Insurance Company
of North America,

                Defendant.

_____

Karl L. Cambronne, Esq., Chestnut & Cambronne, P.A., Minneapolis, MN; Jason R. Doss, Esq., Page Perry, LLC, Atlanta, GA; Diane A. Nygaard, Esq., and Jason M. Kueser, Esq., The Nygaard Law Firm, Leawood, KS, on behalf of Plaintiffs.

James F. Jorden, Esq., Denise A. Fee, Esq., and Roland C. Goss, Esq., Jorden Burt, LLP, Washington, DC; Arthur G. Boylan, Esq., Leonard, Street and Deinard, P.A., Minneapolis, MN, on behalf of Defendant.
_____

## I. INTRODUCTION

On July 9, 2008, the undersigned United States District Judge heard oral argument on Defendant Allianz Life Insurance Company of North America's ("Allianz") Motion to Decertify the Class [Docket No. 109]. For the reasons set forth below, Allianz's Motion is denied.

## II. BACKGROUND

The facts of this matter are recited in the Court's January 12, 2007, and May 10, 2007, Orders [Docket Nos. 70 and 82] and will not be repeated here. In short, Plaintiffs Linda L. Mooney ("Mooney") and Lieselotte W. Thorpe ("Thorpe") allege that Allianz fraudulently marketed certain annuity products as providing an "up-front" or "immediate" bonus, when in actuality the bonus was not available until years after the products were purchased. Plaintiffs

assert claims of consumer fraud under the Minnesota Prevention of Consumer Fraud Act ("MPCFA"), Minn. Stat. §§ 325F.68-.70, and unjust enrichment under Minnesota common law.

On May 10, 2007, this Court certified this matter as a class action under Federal Rule of Civil Procedure 23(b)(3). The class is defined as:

> All individuals who from February 9, 2000, to the present purchased one of the following two-tiered annuities from Allianz Life Insurance Company of North America: BonusMaxxx, BonusMaxxx Elite, BonusDex, BonusDex Elite, 10% Bonus PowerDex Elite, MasterDex 10, and the InfiniDex 10 ("Annuities"). The Class excludes all persons who purchased the above-listed Annuities from Allianz while they were California residents and when they were 65 or older.

May 10, 2007, Order at 2. In certifying the class under Rule 23(b)(3), this Court determined that questions of law or fact common to the class members predominate over individual issues, and that a class action is the superior method of adjudicating the MPCFA and unjust-enrichment claims. On July 9, 2007, the Eighth Circuit denied Allianz's petition for interlocutory review of the class certification [Docket No. 87].

### III. DISCUSSION

The Court previously rejected Allianz's argument that individual factual issues concerning each class member's reliance on the alleged misrepresentations predominate over class-wide issues. Allianz now contends that the Eighth Circuit's recent decision in In re St. Jude Medical, Inc., 522 F.3d 836 (8th Cir. 2008) ("St. Jude II"),[1] compels the conclusion that individual issues predominate. Before addressing St. Jude II, the history of the parties' earlier

---

[1] The Eighth Circuit issued another decision in the same matter in 2005. In re St. Jude Med., Inc., 425 F.3d 1116 (8th Cir. 2005).

arguments regarding predominance of common or individual issues of reliance should be recalled.

In support of class certification, Plaintiffs relied heavily on the Minnesota Supreme Court's decision in Group Health Plan, Inc. v. Philip Morris Inc., 621 N.W.2d 2 (Minn. 2001). The Group Health Court held that a plaintiff must establish a "causal nexus" between her injury and the defendant's wrongful conduct to recover damages under the MPCFA. Id. at 13-14. Although recognizing that the causal nexus has a reliance component, the Group Health Court held that "in cases . . . where the plaintiffs' damages are alleged to be caused by a lengthy course of prohibited conduct that affected a large number of consumers, the showing of reliance that must be made to prove a causal nexus need not include direct evidence of reliance by individual consumers." Id. at 14. In such cases, "the causal nexus and its reliance component may be established by other direct or circumstantial evidence that . . . is relevant and probative as to the relationship between the claimed damages and the alleged prohibited conduct." Id.

In light of Group Health, Plaintiffs argued they could establish a causal nexus on a class-wide basis without an individualized inquiry into the circumstances of each potential class member's purchase of an Allianz annuity. Plaintiffs relied on sales data showing that increases in the "up-front" bonus amount increased Allianz's sales of annuities, and on expert witness testimony that consumers are likely to infer from the references to an "up-front" and "immediate" bonus that the bonus was immediately accessible.

In response, Allianz argued that individualized inquiries would be necessary to establish whether each potential class member can show a causal nexus between Allianz's alleged misrepresentation and damages to the class member. Allianz contended, *inter alia*, that:

(1) some annuity purchasers could have read the marketing materials and understood how the bonus worked; (2) some purchasers may not have read the marketing materials; (3) some purchasers may have bought the annuities for reasons other than the bonus; and (4) independent insurance agents' oral communications differed in explaining how the bonus works.

Applying the guidance of Group Health, this Court found that common questions of fact predominate because Plaintiffs can prove a causal nexus on a class-wide basis through direct and circumstantial evidence that policyholders were misled to their detriment by the references to an "up-front" and "immediate" bonus. Such evidence could include consumer testimony, expert witness testimony, consumer surveys, and market research.

Allianz argues that St. Jude II compels the conclusion that individualized issues predominate. In St. Jude II, patients implanted with a recalled prosthetic heart valve brought a products liability action against the manufacturer. 522 F.3d at 837. The district court certified a class under Rule 23(b)(3). On interlocutory review, the Eighth Circuit reversed the class certification order. The St. Jude II Court concluded that common issues would not predominate the inquiry into St. Jude's liability. The St. Jude II Court relied on evidence that: (1) some implant patients did not receive any material representation about the heart valve; and (2) treating physicians learned about St. Jude's heart valve in different ways. Id. at 838-39.

Despite this evidence, the St Jude II plaintiffs argued class certification was still appropriate because the MPCFA, as interpreted in Group Health, does not require proof of individual reliance. Rejecting this argument, the Eighth Circuit explained:

> Whatever *Group Health* means about the need for these plaintiffs to present direct evidence of individual reliance, it does not eliminate the right of a defendant to present evidence negating a plaintiff's direct or circumstantial showing of causation and reliance. Given the showing by St. Jude that it will present

4

> evidence concerning the reliance or non-reliance of individual physicians and patients on representations made by St. Jude, it is clear that resolution of St. Jude's potential liability to each plaintiff . . . will be dominated by individual issues of causation and reliance.

Id. at 840. The St. Jude II Court also determined that individual issues would predominate in the remedial phase of the litigation because plaintiffs sought the highly individualized remedies of medical monitoring and consequential damages for each plaintiff. Id. at 840-41.

Allianz argues St. Jude II compels decertification in the case at bar because Allianz will present evidence regarding whether individual annuity purchasers relied on the alleged misrepresentations in the consumer brochures and statements of understanding. As discussed above, such evidence could include testimony regarding whether a plaintiff read and understood Allianz's consumer brochure and statement of understanding, whether the independent sales agent explained how the bonus feature worked, and whether the bonus was important to a plaintiff's decision to purchase an Allianz annuity. Allianz argues that, as in St. Jude II, presentation of such evidence will result in individual issues of causation and reliance predominating over common issues.

The Court finds St. Jude II distinguishable from the instant case. In St. Jude II, there was evidence that some heart valve patients did not receive any representations about St. Jude's heart valve. Here, there is evidence that each class member received Allianz's alleged misrepresentations regarding an "up-front" or "immediate" bonus. Each class member acknowledged in writing that he or she read the relevant statement of understanding and consumer brochure. The written materials included the allegedly misleading references to an "up-front" or "immediate" bonus. Thus, whereas significant factual issues existed in St. Jude II regarding whether an individual plaintiff received a representation from St. Jude, here each class

5

member received and acknowledged reading the materials that recited Allianz's representations regarding the bonus.  Another distinction is that the treating physicians in St. Jude II learned about the heart valve in different ways and therefore conveyed different information to the plaintiffs.  In contrast, Allianz required its independent sales agents to sign a form acknowledging they did not make statements that differed from the disclosures in the written materials provided to the annuity purchasers.  Finally, whereas St. Jude presented evidence regarding individual issues of causation and reliance, here the only evidence currently in the record is that Mooney and Thorpe were confused by the information in their respective consumer brochures and statements of understanding, and as a result they focused on the statements that the bonus was "up-front" or "immediate."  Mooney Dep. (Fee Decl. [Docket No. 111] Ex. 1) at 53-65; Thorpe Dep. (Fee Decl. Ex. 2) at 72-73, 77-78.

In light of these differences from the facts in St. Jude II, the Court finds common issues continue to predominate over individual issues.  Therefore, Allianz's Motion to Decertify the Class is denied.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Allianz Life Insurance Company of North America's Motion to Decertify the Class [Docket No. 109] is **DENIED**.

BY THE COURT:


     s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: July 28, 2008.