UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Linda L. Mooney and Lieselotte
W. Thorpe, on behalf of
themselves and all others
similarly situated,

              Plaintiffs,         **MEMORANDUM OPINION AND ORDER**

    v.                                 Civil No. 06-545 ADM/FLN

Allianz Life Insurance Company
of North America,

              Defendant.

___

Karl L. Cambronne, Esq., Chestnut & Cambronne, P.A., Minneapolis, MN; Jason R. Doss, Esq., Page Perry, LLC, Atlanta, GA; Diane A. Nygaard, Esq., and Jason M. Kueser, Esq., The Nygaard Law Firm, Leawood, KS, on behalf of Plaintiffs.

James F. Jorden, Esq., Denise A. Fee, Esq., and Roland C. Goss, Esq., Jorden Burt, LLP, Washington, DC; Arthur G. Boylan, Esq., Leonard, Street and Deinard, P.A., Minneapolis, MN, on behalf of Defendant.

___

## I. INTRODUCTION

Before the Court is Defendant Allianz Life Insurance Company of North America's ("Allianz") Motion for Amendment of Order to Provide Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) [Docket No. 150]. Allianz requests that the Court amend its July 28, 2008 Memorandum Opinion and Order [Docket No. 137] denying Allianz's Motion to Decertify the Class [Docket No. 109] by allowing certification for interlocutory appeal on the issue of Allianz's right to rebut Plaintiffs' class-wide evidence of causation and reliance. The briefing by the parties concluded on August 29, 2008 when the matter was taken under advisement.

## II. BACKGROUND

As stated in the July 28, 2008 Order, the facts of this matter are recited in the Court's January 12, 2007 and May 10, 2007 Orders [Docket Nos. 70 and 82] and will not be repeated here. In short, Plaintiffs Linda L. Mooney ("Mooney") and Lieselotte W. Thorpe ("Thorpe") allege that Allianz fraudulently marketed certain annuity products as providing an "up-front" or "immediate" bonus, when in actuality the bonus was not available until years after the products were purchased. Plaintiffs assert claims of consumer fraud under the Minnesota Prevention of Consumer Fraud Act ("MPCFA"), Minn. Stat. §§ 325F.68-.70, and unjust enrichment under Minnesota common law.

On May 10, 2007, the Court certified this matter as a class action under Federal Rule of Civil Procedure 23(b)(3). The class is defined as:

> All individuals who from February 9, 2000, to the present purchased one of the following two-tiered annuities from Allianz Life Insurance Company of North America: BonusMaxxx, BonusMaxxx Elite, BonusDex, BonusDex Elite, 10% Bonus PowerDex Elite, MasterDex 10, and the InfiniDex 10 ("Annuities"). The Class excludes all persons who purchased the above-listed Annuities from Allianz while they were California residents and when they were 65 or older.

May 10, 2007 Order at 2. In certifying the class under Rule 23(b)(3), the Court determined that questions of law or fact common to the class members predominate over individual issues, and that a class action is the superior method of adjudicating the MPCFA and unjust-enrichment claims. On July 9, 2007, the Eighth Circuit denied Allianz's petition for interlocutory review of the class certification [Docket No. 87].

On May 20, 2008, Allianz filed a Motion to Decertify the Class, arguing the ruling of the

Eighth Circuit in In re St. Jude Medical, Inc., 522 F.3d 836 (8th Cir. 2008) ("St. Jude II"),[1] compelled the conclusion that individual issues predominate. The Court found St. Jude II distinguishable and determined that the facts here demonstrate that common issues continue to predominate over individual issues. July 28, 2008, Order at 5, 6.

### III. DISCUSSION

Allianz argues St. Jude II recognizes a defendant's right to rebut a plaintiff's class-wide evidence of causation and reliance and the Court's July 28, 2008 Order unduly restricts that right. Allianz asks the Court to certify this issue for interlocutory appeal under 28 U.S.C. § 1292(b) to allow the Eighth Circuit to address this issue before trial.

"Section 1292(b) establishes three criteria for certification: the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." White v. Nix, 43 F.3d 374, 377 (8th Cir. 1994). A controlling question of law is a legal question and not "a matter for the discretion of the trial court." Id. Substantial grounds for difference of opinion exist if there are "a sufficient number of conflicting and contradictory opinions." Id. at 378. "When litigation will be conducted in substantially the same manner regardless of [the Eighth Circuit's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." Id. at 378-79. "A motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." Id. at 376.

---

[1] The Eighth Circuit issued another decision in the same matter in 2005. In re St. Jude Med., Inc., 425 F.3d 1116 (8th Cir. 2005).

The Court agrees with Allianz that the first criterion is satisfied because its right to rebut Plaintiffs' class-wide evidence of causation and reliance is a question of law. The Court does not believe, however, that there is a substantial ground for difference of opinion on this issue. As a general matter, the identification of a "'sufficient number of conflicting and contradictory opinions' would provide substantial ground for disagreement.'" White, 43 F.3d at 378 (quoting Oyster v. Johns-Manville Corp., 568 F. Supp. 83, 88 (E.D. Pa. 1983)). No court other than this one has addressed the nature of this right in response to St. Jude II. As such, there are no conflicting and contradictory opinions disagreeing with the Court's decision. To support its position, Allianz relies on this Court's decision in Smith v. United HealthCare Servs., Inc. where § 1292(b) certification was found appropriate when a recent Supreme Court opinion interpreting a section of the ERISA statute caused the "relevant issues [to be] in a state of flux" significantly altering "the analysis of cases involving [that section of ERISA]." No. 00-1163 at 2 (D. Minn. Nov. 26, 2003). The implication, according to Allianz, is that St. Jude II upset the state of the law as it relates to a Defendant's right to rebut Plaintiffs' class-wide evidence to such an extent that clarification from the Eighth Circuit is necessary.

The issue in Smith is distinguishable from the instant case. First, certification was appropriate in Smith in large part because the Supreme Court decision created inconsistent opinions from numerous courts about the nature of legal restitution under the ERISA statute. In contrast, no other court has taken a position on the issue here that is inconsistent with the Court's position. Second, the factual situations in the ERISA cases were comparable. Here, the Court determined that the factual situation is different from St. Jude II. The Court has not determined that Allianz cannot present evidence to rebut Plaintiffs' evidence of causation and liability.

Rather, based on the factual differences concerning reliance or non-reliance of individuals between this case and St. Jude II, the Court determined that the Plaintiffs' class-based evidence demonstrates that common issues will continue to dominate regardless of Allianz's right to present evidence of individual differences.

Finally, the Court is not persuaded that certification of an interlocutory appeal will materially advance the ultimate termination of this litigation. Magistrate Judge Noel's August 7, 2008 Pretrial Schedule [Docket No. 97] sets discovery to close on October 1, 2008, dispositive motions to be filed by December 1, 2008, and requires the case to be ready for trial by January 1, 2009. The parties have already completed the majority of the time-consuming pretrial work, and given the three prior class certification opinions, a fourth reexamination of that determination by the Eighth Circuit will likely delay the termination of this litigation rather than advance it. For these reasons, Allianz's motion is denied.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Allianz Life Insurance Company of North America's Motion for Amendment of Order to Provide Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) [Docket No. 150] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: September 26, 2008.