**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Linda L. Mooney and Lieselotte
W. Thorpe, on behalf of
themselves and all others
similarly situated,

                Plaintiffs,                      **MEMORANDUM OPINION**
                                            **AND ORDER**
      v.                                 Civil No. 06-545 ADM/FLN

Allianz Life Insurance Company
of North America,

                Defendant.

_____

Karl L. Cambronne, Esq., Chestnut & Cambronne, P.A., Minneapolis, MN; Jason R. Doss, Esq., The Doss Firm, LLC, Marietta, GA; Alan R. Perry, Jr., Esq., Page Perry, LLC, Atlanta, GA; Diane A. Nygaard, Esq., The Nygaard Law Firm, Leawood, KS; and Jason M. Kueser, Esq., The Kueser Law Firm, PC, Lee's Summit, MO, on behalf of Plaintiffs.

James F. Jorden, Esq., Denise A. Fee, Esq., and Roland C. Goss, Esq., Jorden Burt, LLP, Washington, DC; Arthur G. Boylan, Esq., Leonard, Street and Deinard, P.A., Minneapolis, MN, on behalf of Defendant.

_____

**I. INTRODUCTION**

Before the Court is Defendant Allianz Life Insurance Company of North America's

("Allianz") Motion to Strike Claims of Plaintiff Mooney and Class Members Who Have Not

Surrendered Their Policies for Lack of Subject Matter Jurisdiction [Docket No. 318]. For the

reasons set forth below, Allianz's Motion is denied.

**II. BACKGROUND**

The factual predicate of this litigation is explained in the Court's January 12, 2007 and

May 10, 2007 Orders [Docket Nos. 70 and 82] and will not be repeated here. In summary,

Plaintiffs Linda L. Mooney ("Mooney") and Lieselotte W. Thorpe ("Thorpe") allege that Allianz

fraudulently marketed certain annuity products as providing an "up-front" or "immediate" bonus, knowing that the bonus was not available until years after the products were purchased. Plaintiffs assert a claim of consumer fraud under the Minnesota Prevention of Consumer Fraud Act ("MPCFA"), Minn. Stat. §§ 325F.68-.70.

On October 31, 2008, Allianz moved for summary judgment. In its accompanying memorandum, Allianz presented numerous arguments including the contention that Mooney had not been injured by the alleged misrepresentation. Allianz Mem. in Supp. of Summ. J. [Docket No. 247] at 20-21; see also Allianz Reply Mem. in Supp. of Summ. J. [Docket No. 278] at 14-16. The Court denied summary judgment on the MPCFA claim and, in addressing the issue of damages, found that "Mooney . . . has experienced damage because she was not credited the 10% up-front bonus to the cash value of her annuity, which she alleges she was misled to believe would occur." February 26, 2009 Order [Docket No. 292] at 6.

### III. DISCUSSION

Allianz now seeks to utilize one more procedural hook in its attempt to persuade the Court to reconsider its previous ruling. Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Allianz argues that the Court lacks jurisdiction because "Mooney and a large percentage of the class have not surrendered their policies," and, thus, they have not experienced any injury, their claims are not ripe, and the Court should dismiss these plaintiffs. Allianz Mem. in Supp. of Mot. to Strike [Docket No. 320] at 6.

Allianz's argument is merely pouring old wine into a new bottle. The Court's February 28, 2009 Order ruled on the status of the alleged injury. The injury is not a monetary penalty

that might result from the surrender of the policy but the alleged fraudulent misrepresentation of a 10% up-front bonus that induced Plaintiffs to purchase the annuity.  Allianz's ability to find a different procedural avenue through which to re-raise this argument does not change the result.[1] Allianz's Motion is denied

### IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Allianz Life Insurance Company of North America's Motion to Strike Claims of Plaintiff Mooney and Class Members Who Have Not Surrendered Their Policies for Lack of Subject Matter Jurisdiction [Docket No. 318] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: August 13, 2009.

---

[1] While Rule 12(h)(3) allows a party to bring a lack of subject-matter jurisdiction to the Court's attention, the propriety of doing so here is questionable.  As Allianz well knows, this Motion to Strike is, in effect, a dispositive motion.  The Dispositive Motion deadline was December 1, 2008.  See Pre-Trial Schedule [Docket No. 97].  To the extent Allianz disagreed with the Court's conclusion on Plaintiffs' injury in the February 26, 2009 Order, it could have sought a Motion to Reconsider, which it has not been reluctant to do previously.  See March 10, 2009 Letter Seeking Leave to File a Motion of Reconsideration [Docket No. 293]. From the perspective of a litigant, the purpose of Rule 12(h)(3) is to persuade the Court to consider the issue of subject-matter jurisdiction when such a review is warranted.  Given the previous rulings on this precise issue, and the fact that nothing about the status of the parties or litigation has changed during the intervening time period, bringing this Motion is a waste of all clients' money and Court's time.