UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Linda L. Mooney and Lieselotte
W. Thorpe, on behalf of
themselves and all others
similarly situated,

          Plaintiffs,          **MEMORANDUM OPINION**
                                     **AND ORDER**
   v.                             Civil No. 06-545 ADM/FLN

Allianz Life Insurance Company
of North America,

          Defendant.

_____

Karl L. Cambronne, Esq., Chestnut & Cambronne, P.A., Minneapolis, MN; Jason R. Doss, Esq., The Doss Firm, LLC, Marietta, GA; Alan R. Perry, Jr., Esq., Page Perry, LLC, Atlanta, GA; Diane A. Nygaard, Esq., The Nygaard Law Firm, Leawood, KS; and Jason M. Kueser, Esq., The Kueser Law Firm, PC, Lee's Summit, MO, on behalf of Plaintiffs.

James F. Jorden, Esq., Denise A. Fee, Esq., and Roland C. Goss, Esq., Jorden Burt, LLP, Washington, DC; Arthur G. Boylan, Esq., Leonard, Street and Deinard, P.A., Minneapolis, MN, on behalf of Defendant.

_____

# I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on three post-trial motions: (1) Plaintiffs' Motion for a Permanent Injunction and for an Award of Attorney Fees and Reimbursement of Expenses [Docket No. 530]; (2) Defendant Allianz Life Insurance Company of North America's ("Allianz") Conditional Motion for an Order Scheduling Separate Proceedings [Docket No. 546]; and (3) Allianz's Motion to Alter or Amend the Judgment [Docket No. 538]. For the reasons set forth below, Plaintiffs' Motion is denied, Allianz's Conditional Motion is denied, and Allianz's Motion to Alter is granted.

## II. BACKGROUND

The factual and procedural background of this litigation is set forth in several of the Court's previous orders and will not be repeated here. See January 12, 2007 Order [Docket No. 70]; May 10, 2007 Order [Docket No. 82]. Briefly stated, Plaintiffs Linda L. Mooney ("Mooney") and Lieselotte W. Thorpe ("Thorpe") commenced this class action on behalf of themselves and all others similarly situated, alleging that Allianz's marketing of certain annuity products violated the Minnesota Prevention of Consumer Fraud Act ("MPCFA"), Minn. Stat. §§ 325F.68-70. The case went to trial on September 22, 2009, and a jury returned a verdict on October 12, 2009, finding that Allianz "use[d] a misrepresentation or deceptive practice in the course of selling its two-tiered annuities" and "intend[ed] that others would rely on the misrepresentation or deceptive practice," but that none of the class members were "harmed as a direct result of the misrepresentation or deceptive practice." Special Verdict Form [Docket No. 526], Question Nos. 1-3. Judgment [Docket No. 529] was entered on October 16, 2009, describing the jury's findings in the Special Verdict Form and stating that no damages were awarded.

## III. DISCUSSION

**A.     Plaintiffs' Motion**

    **1.     Injunctive Relief**

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiffs move the Court to amend the October 16, 2009 Judgment to permanently enjoin Allianz from further violating the MPCFA. See Pls.' Mem. in Supp. of Mot. for Perm. Inj. [Docket No. 532] at 5-6. The standard for a permanent injunction is essentially the same as that for a preliminary injunction except that in

seeking a permanent injunction, the movant must demonstrate success on the merits. See Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 546 n.12 (1987). Once the movant has demonstrated success on the merits, the court must balance the following factors to determine whether a permanent injunction is appropriate: "(1) the threat of irreparable harm to the movant; (2) the harm to be suffered by the nonmoving party if the injunction is granted; and (3) the public interest at stake." Layton v. Elder, 143 F.3d 469, 472 (8th Cir. 1998).

Plaintiffs argue the jury findings that Allianz used misrepresentations or deceptive practices in the course of selling two-tiered annuities and intended that others would rely on the misrepresentations and deceptive practices is tantamount to Plaintiffs prevailing in proving Allianz violated the MPCFA. Pls.' Mem. in Supp. of Mot. for Perm. Inj. at 8. Therefore, Plaintiffs contend, they have met the threshold requirement of success on the merits. Allianz disagrees, arguing that Plaintiffs "failed to prove an essential element of their private cause of action—that they were 'injured by' a[] . . . misrepresentation or deceptive practice." Def.'s Mem. in Opp'n to Mot. for Perm. Inj. [Docket No. 543] at 2. Allianz emphasizes that the jury expressly found that none of the three groups of class members—those who have annuitized, those whose annuities are in deferral, and those who have surrendered their annuities—was "harmed as a direct result of the misrepresentation or deceptive practice." Id. at 4; Special Verdict Form, Question Nos. 3A, 3B, 3C.

Plaintiffs' right to sue Allianz for violations of the MPCFA arises under the Private Attorney General Statute, Minn. Stat. § 8.31, subd. 3a, which provides that "any person injured by a violation of any of the laws referred to in subdivision 1 may bring a civil action and recover damages, together with costs and disbursements, including costs of investigation and reasonable

3

attorney's fees, and receive other equitable relief as determined by the court."[1]  The plain language of the statute allows only persons *injured* by a violation of the MPCFA to recover damages or other equitable relief,[2] and the Eighth Circuit has so held.  See Schaaf v. Residential Funding Corp., 517 F.3d 544, 551 (8th Cir. 2008) (holding that the MPCFA "provides a remedy only to those actually 'injured by' the wrongdoer's misconduct") (quoting Minn. Stat. § 8.31, subd. 3a); see also D.A.B. v. Brown, 570 N.W.2d 168, 172-73 (Minn. Ct. App. 1997) ("[P]laintiffs must prove the existence of an injury to sustain a cause of action under the [MPCFA].").

Plaintiffs respond that under Minnesota law, the "loss of bargaining opportunity" constitutes an "injury."  Pls.' Mem. in Supp. of Mot. for Perm. Inj. at 9 (citing Peterson v. BASF Corp., 675 N.W.2d 57, 73 (Minn. 2004)).  Plaintiffs contend testimony of class members that they would not have purchased an Allianz two-tiered annuity had it not been for the misrepresentations or deceptive practices establishes that class members suffered a lost opportunity injury.  Id.  Testimony of record consistent with a lost opportunity theory of injury does not demonstrate that the jury found such an injury had been proven. To the contrary, if Plaintiffs' claim of injury/harm was based in part on a lost opportunity theory, the jury's answer to question number three of the Special Verdict Form—that the class members were not harmed—is a rejection of that theory.[3]  Awarding injunctive relief premised upon a finding that

---

[1] The MPCFA is one of the laws referred to in subdivision 1.

[2] A permanent injunction is an equitable remedy.  See Borom v. City of St. Paul, 184 N.W.2d 595, 598 (Minn. 1971).

[3] Plaintiffs also argue the jury's decision not to award damages does not preclude the Court from awarding injunctive relief.  See Taylor Inv. Corp. v. Weil, 169 F. Supp. 2d 1046, 1062 (D. Minn. 2001) (holding that a plaintiff seeking injunctive relief under the MPCFA need

4

Plaintiffs established injury in the form of a lost opportunity would be implicitly, if not explicitly, inconsistent with the jury's findings and thus prohibited. See Voeltz v. Artic Cat, Inc., 406 F.3d 1047, 1052 (8th Cir. 2005) (holding that "[i]n fashioning equitable relief, the district court . . . may not base its decision on factual findings that conflict with the jury's findings") (alterations in original) (quotation omitted).

The jury found that none of the class members were harmed or injured by Allianz's misrepresentations or deceptive practices. Accordingly, pursuant to the Private Attorney General Statute, Plaintiffs cannot receive equitable relief, which includes injunctive relief. In light of this conclusion, the Court will not address Allianz's alternative argument that Plaintiffs lack standing to pursue the prospective injunctive relief they seek.

### 2. Attorney's Fees

Plaintiffs next argue that they are entitled to attorney's fees and costs. Under the Private Attorney General Statute, any person injured by a violation of the MPCFA may recover "damages, together with costs and disbursements, including . . . reasonable attorney's fees." Minn. Stat. § 8.31, subd. 3a. As discussed above, the jury found that Plaintiffs were not injured or harmed by the alleged violations of the MPCFA. Because they were not injured, they cannot recover attorney's fees and costs under the Private Attorney General Statute.[4]

---

not prove actual damages). However, the jury's verdict was not merely a finding of *no damages*; rather the jury expressly found that Plaintiffs were *not harmed* as a direct result of Allianz's conduct.

[4] Allianz argues that Plaintiffs' request for attorney's fees fails to comply with the procedural requirements of Rule 23(h) of the Federal Rules of Civil Procedure. Because Plaintiffs cannot recover attorney's fees under the Private Attorney General Statute, the Court need not address Allianz's argument. In addition, the Court's ruling obviates the need to decide Allianz's Conditional Motion, and the Motion is therefore denied as moot.

**B.     Defendant's Motion to Alter or Amend**

Allianz moves under Federal Rule of Civil Procedure 59(e) to amend the October 16, 2009 Judgment. Allianz requests that the Judgment be amended to (1) remove the recitation of the jury's findings in the Special Verdict Form; and (2) state that "Plaintiffs take nothing," the action is dismissed on the merits, and Allianz recovers its costs. See Def.'s Mem. in Supp. of Mot. to Alter or Amend [Docket No. 540] at 1-2, 16.

Upon review of the Judgment, the Court finds that the requested amendments are warranted. However, the Court expresses no opinion on Allianz's argument that the Judgment improperly "purports to 'adjudge' constituent elements of plaintiffs' failed MPCFA claim." Id. at 12.[5] In addition, although the Judgment will be amended, the Court's decision to do so is not an acceptance of Allianz's argument that the jury returned a verdict finding "no violation" of the MPCFA and that the Judgment's reference to the jury's findings improperly suggests otherwise. Def.'s Reply Mem. [Docket No. 557] at 2. The reality is that the jury found that Allianz "use[d] a misrepresentation or deceptive practice" and "intend[ed] that others would rely on the misrepresentation or deceptive practice." That Plaintiffs were not harmed means that their private enforcement action under Minn. Stat. § 8.31, subd. 3a, fails as a matter of law; the lack of harm, however, does not mean that the jury returned a verdict finding that no violation of the

---

[5] Allianz also argues that by repeating the jury's findings, the Judgment violates the "separate document" principle of Federal Rule of Civil Procedure 58(a), as well as Federal Rule of Civil Procedure 54(a), which, Allianz maintains, prohibits reciting "a record of prior proceedings" in a final judgment. Def.'s Mem. in Supp. of Mot. to Alter or Amend at 2, 12-14. Allianz fails to cite any authority that expressly holds that Rule 58(a) and Rule 54(a) prohibit a judgment from repeating a jury's answers to questions in a special verdict form. Instead, Allianz assumes that the phrase, "a record of prior proceedings," must include a special verdict form. See id. at 13.

MPCFA occurred. See Wiegand v. Walser Auto. Groups, Inc., 670 N.W.2d 449, 451-52 (Minn. Ct. App. 2003) (explaining that a private party brings an action seeking damages for consumer fraud pursuant to two statutes: (1) Minn. Stat. § 325F.69, subd. 1, which sets forth the requirements to *prove a violation* of the MPCFA; and (2) Minn. Stat. § 8.31, subd. 3a, which sets forth the requirements to *maintain a private action seeking damages* for such a violation), rev'd on other grounds, 683 N.W.2d 807 (Minn. 2004). The "import" of the outcome of this case, as it relates to other proceedings in which Allianz is involved, see Def.'s Mem. in Supp. of Mot. to Alter or Amend at 12, is not for this Court to decide.

Allianz also argues that because this case is a class action, the Judgment should be amended to specify the persons who are bound by the judgment.[6] Plaintiffs agree, and the Judgment will be amended in accordance with Federal Rule of Civil Procedure 23(c)(3)(B).

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Plaintiffs' Motion for a Permanent Injunction and for an Award of Attorney Fees

---

[6] Allianz initially proposed the following sentence be added to the amended judgment to comply with Rule 23(c)(3)(B): "This judgment applies to all members of the class defined in the Court's Memorandum Opinion and Order dated May 10, 2007 who received notice of their right to exclude themselves from the class, and who did not properly and timely exclude themselves." Def.'s Mem. in Supp. of Mot. to Alter or Amend at 16. Allianz later submitted new proposed language that included the following sentence: "The class excludes . . . all persons who requested exclusion as described in the Declaration of Christopher J. Amon Summarizing Exclusion Activities (Doc. No. 551-1)." Def.'s Proposed Judgment [Docket No. 564], Ex. A. The proposals submitted by Allianz—the first, which refers to the May 10, 2007 Order, and the second, which refers to the Amon Declaration—strike the Court as ironic as they would appear to run afoul of the very argument advanced by Allianz that a judgment must be a "self-contained document," distinct from any opinion or memorandum, and may not incorporate, recite, or refer to other case proceedings. See Def.'s Mem. in Supp. of Mot. to Alter or Amend at 12-14.

7

and Reimbursement of Expenses [Docket No. 530] is **DENIED**;

2. Defendant Allianz Life Insurance Company of North America's Motion to Alter or Amend the Judgment [Docket No. 538] is **GRANTED**;

3. Defendant Allianz Life Insurance Company of North America's Conditional Motion for an Order Scheduling Separate Proceedings [Docket No. 546] is **DENIED**; and

4. The Judgment [Docket No. 529] is **AMENDED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 29, 2010.