# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Linda L. Mooney and Lieselotte
W. Thorpe, on behalf of
themselves and all others
similarly situated,

                Plaintiffs,

      v.

Allianz Life Insurance Company
of North America,

                Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 06-545 ADM/FLN

_____

Karl L. Cambronne, Esq. and Jeffrey D. Bores, Esq., Chestnut & Cambronne, P.A., Minneapolis, MN; Alan R. Perry, Jr., Esq. and Jason R. Doss, Esq., Page Perry, LLC, Atlanta, GA; and Diane A. Nygaard, Esq., The Nygaard Law Firm, Leawood, KS, on behalf of Plaintiffs.

Lawrence J. Field, Esq. and David A. Applebaum, Esq., Leonard, Street and Deinard, P.A., Minneapolis, MN, on behalf of Defendant.

John J. Stoia, Jr., Esq., Theodore J. Pintar, Esq., Rachel L. Jensen, Esq., Phong L. Tran, Esq., and Steven M. Jodlowski, Esq., Robbins Geller Rudman & Dowd LLP, San Diego, CA; and Andrew S. Friedman, Esq. and Kimberly C. Page, Esq., Bonnett, Fairbourn, Friedman & Balint, P.C., Phoenix, AZ, on behalf of Plaintiffs/ Proposed Intervenors Vida F. Negrete and Carolyn Y. Healey.

Marcus N. Bozeman, Esq., Carney Williams Bates Bozeman & Pulliam, PLLC, Little Rock, AR, on behalf of amici curiae Harold and Ruby Jones.

Donald Chance Mark, Jr., Esq., and Alyson M. Palmer, Esq., Fafinski Mark & Johnson, P.A., Eden Prairie, MN; and Artemus W. Ham, Esq. and Erica Entsminger, Esq., Mainor Eglet, LLP, Las Vegas, NV, on behalf of amici curiae Benlor C. Rivera, Grace U. Rivera and Nelson M. Obena.

_____

## I. INTRODUCTION

On April 1, 2011, oral argument before the undersigned United States District Judge was

heard on the motion of Defendant Allianz Life Insurance Company of North America

("Allianz") for a permanent injunction under the All Writs Act, 28 U.S.C. § 1651 [Docket No. 572].

Since 2003, several overlapping class actions have been filed against Allianz by purchasers of its deferred annuity products.  Of these, this matter ("Mooney") was the first to judgment.  Allianz prevailed.  Allianz now argues that all members of the Mooney class who did not opt out should be barred from pursuing any claims that could have been brought in Mooney.  The proposed injunction would substantially reduce the number of plaintiffs and claims remaining in the other class actions now pending against Allianz.

Vida Negrete and Carolyn Healey, two named plaintiffs in one of the other actions, move to intervene here for the purpose of litigating the preclusion issue [Docket No. 592.  Plaintiffs in other pending class actions have filed memoranda with the Court in opposition to Allianz's motion, but have not moved to intervene.

For the reasons set forth below, both motions are denied.

## II.  BACKGROUND

The facts of Mooney are recited in the Court's January 10, 2007 and May 10, 2007 Orders [Docket Nos. 70 and 82] and will not be repeated here.  In short, Plaintiffs Linda L. Mooney and Lieselotte W. Thorpe alleged that Allianz fraudulently marketed certain two-tiered deferred annuities as providing an "upfront" or "immediate" bonus, when in fact the bonus was not available until years after the products were purchased.  Plaintiffs asserted claims of consumer fraud under the Minnesota Prevention of Consumer Fraud Act ("MPCFA"), Minn. Stat. §§ 325F.68-.70.[1]

---

[1] The Complaint also alleged unjust enrichment; the Court granted summary judgment to Allianz on this claim.  See Docket No. 292 at 7; 2009 WL 511572, *4 (D. Minn. Feb. 26, 2009).

Mooney is but one of several overlapping class actions brought against Allianz by different counsel, in different states, on behalf of purchasers of Allianz deferred annuities.   The first, Castello, was filed in the Fourth Judicial District for the State of Minnesota in December 2003, and was certified as a nationwide class action in September 2005.  Three more actions, Iorio, Negrete and Healey, were filed in 2005 in California.  Mooney was filed in this Court on February 9, 2006.  Others followed.[2]

Negrete and Healey, consolidated before the Honorable Christina A. Snyder of the United States District Court for the Central District of California, alleged a nationwide fraudulent scheme to market unsuitable investment products to senior citizens, in violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") and the California Welfare and Institutions Code §§ 15600 et seq. ("Elder Abuse and Dependent Adult Civil Protection Act" or "Civil Protection Act").  On November 21, 2006, Judge Snyder certified a nationwide RICO class in Negrete and Healey, identifying the class members as:

> All persons who within the applicable statute of limitations of the date of the commencement of this action and while 65 years of age of older, purchased one or more Allianz Life Insurance Company of North America deferred Annuities either directly, or through surrender (in whole or part) of an existing permanent life insurance policy or annuity, or by borrowing against an existing permanent

---

[2] Class actions include Castello v. Allianz Life Ins. Co. of N. Am., Civ. No. 03-20405 (Minn. Dist. Ct.); Iorio v. Allianz Life Ins. Co. of N. Am., Civ. No. 3:05-633 (C.D. Cal.); Healey v. Allianz Life Ins. Co. of N. Am., Civ. No. 2:05-8908 (C.D. Cal.); Negrete v. Allianz Life Ins. Co. of N. Am., Civ. No. 2:05-6838 (C.D. Cal.); Jones v. Allianz Life Ins. Co. of N. Am., Civil No. 4:07-145 (E.D. Ark.); Rivera v. Allianz Life Ins. Co. of N. Am., Civil No. 10-2266 (D. Nev.); Ostrow v. Allianz Life Ins. Co. of N. Am., No. 2009-CV-7621-B (D.C. Sup. Ct.).  The Minnesota Attorney General and the California Attorney General both brought suit against Allianz.  State of Minnesota v. Allianz Life Ins. Co. of N. Am., Civ. No. 07-581 (Minn. Dist. Ct.); In the Matter of the Licenses and Licensing Rights of Allianz Life Ins. Co. of N. Am., VA-1152-AP (California Insurance Department).  Other actions against Allianz are also pending.  Declaration of Frank G. Burt ("Burt Decl.") [Docket No. 575] ¶ 5.

life insurance policy.

Negrete v. Allianz Life Ins. Co. of N. Am., 238 F.R.D. 482, 496-97 (C.D. Cal. 2006).[3]  The

Negrete class explicitly excluded the Castello plaintiffs and products, see id. at 497, but did not

carve out any other class action then pending.

Meanwhile, in March 2007, the Castello court directed the parties in Castello to conduct

settlement discussions.  Those discussions included counsel in Mooney and the Minnesota

Attorney General.  When Negrete counsel learned of the discussions, they asked Mooney

counsel and Allianz for assurances that no Negrete class claims would be released unless they

were permitted to participate.  No such assurances were given.  The Negrete Plaintiffs then

sought an order prohibiting settlement discussions.  On March 19, 2007, Judge Snyder issued an

order which stated:

> Any discussions of a settlement that would affect any claims brought in this
> litigation, other than claims of an individual plaintiff or class member, must be
> conducted or authorized by plaintiffs' Co-Lead Counsel.  Any proposed
> settlement that resolves, in whole or in part, the claims brought in this action shall
> first be subject to review and approval by the Court in this litigation.

Order of March 19, 2007, Burt Decl. Ex. 1.  Soon after, Mooney counsel notified this Court of

Judge Snyder's Order.[4]  Burt Decl. Ex. 2.

---

[3] Judge Snyder also certified a California-only class, whose members do not overlap with
the Mooney class.  238 F.R.D. at 497.  Judge Snyder was aware of Mooney and the other class
actions filed at the time, but understood them to be seeking only statewide certification, and also
understood the claims to be different.  Id. at 495 & n.13.  For convenience, Negrete and Healey
will be referred to collectively as "Negrete" for the remainder of this opinion.

[4] Allianz appealed the Order to the Ninth Circuit, which reversed, finding the Order was
not authorized by the All Writs Act and violated the Anti-Injunction Act.  Negrete v. Allianz
Life Ins. Co., 523 F.3d 1091, 1103 (9th Cir. 2008); 28 U.S.C. §§ 1651, 2283.

Mooney did not settle.  On May 10, 2007, after discovery, this Court certified Mooney as

a class action under Federal Rule of Civil Procedure 23(b)(3), defining the class to be:

> All individuals who from February 9, 2000, to the present purchased one of the following two-tiered annuities from Allianz Life Insurance Company of North America: BonusMaxxx, BonusMaxxx Elite, BonusDex, BonusDex Elite, 10% Bonus PowerDex Elite, MasterDex 10, and the InfiniDex 10 ("Annuities").  The Class excludes all persons who purchased the above-listed Annuities from Allianz while they were California residents and when they were 65 or older.

May 10, 2007 Order [Docket No. 82]; Mooney, 244 F.R.D. 531, 538 (D. Minn. 2007).  Allianz

twice moved to decertify the class; both motions were denied. [Docket Nos. 137, 292.]  The

Mooney class excluded two groups of Negrete plaintiffs -- the California Civil Protection Act

class, and the RICO claims of California residents – but overlapped the nationwide RICO class.

Thus, the same individual seniors might have MPCFA claims that were represented by class

counsel in Mooney, and also RICO claims handled by class counsel in Negrete.[5]

In July 2007, the Negrete Plaintiffs asked the Judicial Panel on Multidistrict Litigation to

transfer all the class actions to Judge Snyder pursuant to 28 U.S.C. § 1407.  The Negrete

Plaintiffs argued their claims arose out of the same misrepresentations as those at issue in

Mooney.  Burt Decl. Exs. 6, 7, 21.  Allianz responded that the Negrete and Mooney claims were

entirely different.  Burt Decl. Ex. 20.  Counsel in Mooney and other class actions also opposed

the transfer.  Burt Decl. Ex. 21 at 12-13.  The Panel ultimately denied transfer in October 2007

[see Docket No. 98], and each of the class actions was left to proceed in the jurisdiction where

---

[5] Allianz has represented that 55% of the annuities held by Negrete plaintiffs are the same annuities at issue in Mooney, Burt Decl. ¶ 27, and that Mooney was the largest of the class actions pending against it as of August 2007.  Burt Decl. Ex. 20 at 3-4 and n.7.  Negrete counsel represented before the Judicial Panel on Multidistrict Litigation that there was a 70% overlap between Negrete plaintiffs and Mooney plaintiffs.  See Burt Decl. Ex. 21.

the case had been filed.[6]

Mooney was first to trial.  Class notices were sent, fact and expert discovery proceeded, and the case was tried to a jury beginning in September 2009.  Burt Decl. ¶ 27.  The jury was instructed on the elements of consumer fraud under the MPCFA. [Docket No. 519.]   On October 12, 2009, the jury found Allianz had engaged in deceptive practices, but that the class plaintiffs did not suffer harm as a result. [Docket No. 529.]  This Court entered judgment for Allianz on the jury verdict. [Docket No. 529.]  Plaintiffs moved for an award of attorney's fees, and Allianz moved to amend the judgment; Plaintiffs' motion was denied, and Allianz's motion was granted in part.  Mooney v. Allianz Life Ins. Co., Civ. No. 06-545, 2010 WL 419962, *3-4 (D. Minn. Jan. 29, 2010) (unpublished).  The amended judgment was entered on January 29, 2010 [Docket No. 567].  There was no appeal.

After entry of the amended judgment in Mooney, Allianz asked Judge Snyder to preclude the plaintiffs bound by the judgment from litigating in Negrete any claims that were or could have been brought in Mooney.  Judge Snyder denied the motion, and later denied reconsideration.  Negrete v. Allianz Life Ins. Co. of N. Am., 2010 WL 4116852, *13 (C.D. Cal. August 18, 2010) (unpublished); 2010 WL 4536779, *7 (C.D. Cal. November 1, 2010) (unpublished); Burt Decl. Exs. 8, 9.[7]  Allianz now seeks the same relief from this Court.

---

[6] The Jones action was filed in 2007.  Allianz moved to dismiss or stay Jones, arguing it raised claims similar to Negrete under the "first-filed rule."  The Honorable Susan Webber Wright of the Eastern District of Arkansas granted a stay on September 7, 2007.  Burt Decl. Ex. 11.  The stay remains in place.  Burt Decl. Ex. 12.

[7] Allianz sought a writ of mandamus, which the Ninth Circuit recently declined to issue [Docket No. 611].  Meanwhile, the Rivera action was filed in December 2010, and the Ostrow action was filed in 2011.  Burt Decl. Exs. 13, 15.

## III.  DISCUSSION

**A.      Ancillary Enforcement Jurisdiction**

Although this Court did not retain jurisdiction of this matter after judgment was entered, it may exercise ancillary jurisdiction to "manage its proceedings, vindicate its authority, and effectuate its decrees."  Jenkins v. Kansas City Missouri Sch. Dist., 516 F.3d 1074, 1081 (8th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 380 (1994)). This independent basis of subject-matter jurisdiction is sometimes called "ancillary enforcement jurisdiction."  Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A., 551 F.3d 812, 817 (8th Cir. 2009).

Allianz argues an exercise of ancillary enforcement jurisdiction is necessary here.  In Allianz's view, if the overlapping plaintiffs are permitted to litigate claims they might have brought (but did not actually bring) in Mooney, it challenges this Court's authority and effectively vitiates the judgment in Mooney.

The Court is not convinced.  Judgment in this matter was entered on January 29, 2010, well over a year ago, and is now final.  There are no pending proceedings in this Court.  No sum of money is owing; no obligations set forth in the judgment have gone unperformed; no injunction, order or consent decree is being defied.  Contrast Jenkins, 516 F.3d at 1080-81 (ancillary enforcement jurisdiction where state threatened to divert funding owed under court's desegregation order) with Ark. Blue Cross, 551 F.3d at 819 (no ancillary enforcement jurisdiction where applicable part of injunction had been dissolved).

There is no settlement to protect.  The case is simply over, and a jury determined Allianz was not liable for any damages.  Allianz may now raise the judgment as a defense in future

litigation as it sees fit.  It is not suggested that any member of the <u>Mooney</u> class disappointed

with the outcome has subsequently filed a "copycat" claim with identical allegations in a

deliberate effort to circumvent the <u>Mooney</u> judgment and get another day in court.  <u>See Canady</u>

<u>v. Allstate Ins. Co.</u>, 282 F.3d 1005, 1011-12 (8th Cir. 2002) (abrogated in part on other grounds

by <u>Syngenta Crop Protection, Inc. v. Henson</u>, 537 U.S. 28, 33-34 (2002)).  Nor is this the

extraordinary case where the loser's subsequent abusive litigation tactics threaten to effectively

deprive the winner of its victory in court.  <u>See Thorogood v. Sears, Roebuck & Co.</u>, 624 F.3d

842, 848 (7th Cir. 2010).  Under such circumstances ancillary enforcement jurisdiction might be

appropriate, but that is not the case here.

Rather, Allianz asks the Court to find its judgment precludes other class actions, some of

which were pending years before judgment was entered here.  This Court is not convinced the

<u>Mooney</u> judgment is threatened by allowing plaintiffs to continue with ongoing litigation of

which the Court and all parties were aware, which does not attempt to revisit any claim actually

litigated in <u>Mooney</u>.  Typically it is for the second court, not the first, to determine whether the

first judgment bars the second claim.  18 Charles Alan Wright, Arthur R. Miller & Edward H.

Cooper, <u>Federal Practice & Procedure</u> § 4405 (2d ed. 2010).  Judge Snyder has already

considered whether <u>Mooney</u> bars plaintiffs from litigating claims in <u>Negrete</u>, and has concluded

that it does not.

"Ancillary enforcement jurisdiction is, at its core, a creature of necessity."  <u>Peacock v.</u>

<u>Thomas</u>, 516 U.S. 349, 359 (1996).  On the facts here, Allianz has shown no necessity for

enforcement.  The request is not to compel a recalcitrant loser to comply with a judgment, but

instead to interpret the judgment's reach so as to preclude the loser's other claims before other

courts.

There has been no showing that any pending class action threatens the judgment in

Mooney.  Accordingly, there is no basis for ancillary enforcement jurisdiction, and Allianz's

motion must be denied.

**B.      Relitigation and Res Judicata**

Even if this Court has subject matter jurisdiction, Allianz is not entitled to the relief it

seeks.   First, the claims in Mooney and the other class actions presently at issue do not arise

from the "same set of factual circumstances," as required to apply res judicata.  Second, an

injunction is not appropriate for reasons of equity.

The All Writs Act, 28 U.S.C. § 1651, grants the Court "broad injunctive power" to

protect its judgments.  In re Y&A Group Sec. Litig., 38 F.3d 380, 382 (8th Cir. 1994).  The Act

permits the Court to enjoin litigation in a sister federal court, see Liles v. Del Campo, 350 F.3d

742, 746 (8th Cir. 2003) (enjoining "copycat" class action to avoid depletion of limited

settlement funds), although such an injunction is not typical.  See Negrete, 523 F.3d at 1099.

More commonly the Act is used to enjoin litigation in state court, where its reach is

circumscribed by the Anti-Injunction Act, 28 U.S.C. § 2283.  See, e.g., In re Baycol Prods.

Litig., 593 F.3d 716, 721 (8th Cir. 2010), cert. granted sub nom Smith v. Bayer Corp., No. 09-

1205, 131 S.Ct. 61, 2010 WL 1526440 (Sept. 28, 2010); Canady, 282 F.3d at 1013-14; Grider v.

Keystone Health Plan Cent., Inc., 500 F.3d 322, 328 (3d Cir. 2007); Larson v. AT&T Mobility

LLC, Civ. No. 07-5325, 2011 WL 1085255, *2 (D. N.J. March 21, 2011) (unpublished).  The

decision to issue an injunction, and the injunction's scope, are committed to the Court's

discretion.  Thompson v. Edward D. Jones & Co., 992 F.2d 187, 189 (8th Cir. 1993).[8]

The All Writs Act grants the Court power to enjoin relitigation of matters that it has already resolved.  What constitutes "relitigation" is determined by the principles of res judicata and collateral estoppel.  If the claims in Negrete are precluded by the judgment in Mooney, as Allianz argues, it may be appropriate to enjoin the overlapping plaintiffs from pursuing those claims.  "The preclusive effect of a federal court judgment is determined by federal common law," which in diversity cases "incorporates the rules of preclusion applied by the State in which the rendering court sits."  Taylor v. Sturgell, 553 U.S. 880, 891 n.4 (2008).  To resolve this question requires analysis of Minnesota law.

The Minnesota Supreme Court holds the application of res judicata to be a question of law.  Hauschildt v. Beckingham, 686 N.W.2d 829, 840 (Minn. 2004).  Traditionally, res judicata precludes not only claims actually litigated in the first action, but also to all claims that might have been litigated.  Id.; see also Restatement (Second) of Judgments § 24 (1982).  Res judicata is not to be rigidly applied; the Court must consider whether the application of res judicata would work an injustice on the plaintiffs.  See Hauschildt, 686 N.W.2d at 837.  Under Minnesota law, res judicata bars a subsequent claim when "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; (4) the estopped party had a full and fair opportunity to litigate the

_____

[8] The parties cite several cases addressing the relitigation exception set forth in the Anti-Injunction Act, which is to be narrowly construed.  See e.g., Baycol, 593 F.3d at 721.  If Allianz sought to enjoin plaintiffs proceeding in state court, the relitigation exception would require the injunction to be narrowly tailored to preclude only the issues actually decided.  Jones v. St. Paul Companies, Inc., 495 F.3d 888, 892-93 (8th Cir. 2007).  In contrast, the All Writs Act has no similar restrictions.  The Court has not been asked to, and does not, reach the extent to which the restrictions of the Anti-Injunction Act might be applicable in the context of the All Writs Act.

matter." Id., 686 N.W.2d at 840.  All four factors must be met for the claim to be precluded.  Id.

The first consideration is whether the claim in Mooney arises out of the "same set of factual circumstances" as the claims in Negrete and the other class actions.  See id.  "Identity of subject matter does not establish that two claims are the same cause of action."  Care Institute, Inc.-Roseville v. County of Ramsey, 612 N.W.2d 443, 447 (Minn. 2000).  Rather, whether two lawsuits "arise[] out of the same set of factual circumstances" depends in part upon whether the claims arose at the same time, and "whether the same evidence will sustain both actions." Hauschildt, 686 N.W.2d at 840-41.[9]

The decisions cited by the parties illustrate how the rule has been applied by Minnesota courts.  Hauschildt involved two overlapping class actions, both concerning improper distributions of funds from a preferred stock association maintained by an employer for the benefit of its current and former employees.  The first was brought by the employees against the employer, requesting an accounting and alleging conversion and breach of fiduciary duty.  Id. at 834.  After part of the case was dismissed as untimely, two plaintiffs brought a second class action against the officers of the preferred stock association.  Id. at 835.  The second action alleged the officers failed to timely pursue a claim against the employer and also to inform the employees of the improper distributions in time for them to assert their own claims.  Id. at 835-36.  Even though liability in both actions focused on a common issue - whether the distributions

---

[9] Allianz suggests that the "same evidence" test is "outmoded."  See Reply Mem. at 5-7 & n.1 [Docket No. 604] (citing Gilbert v. Boak Fish Co., 90 N.W. 767, 768 (Minn. 1902) and Anderson v. Werner Cont'l, Inc., 363 N.W.2d 332, 335 (Minn. Ct. App. 1985)).  Yet the Minnesota Supreme Court continues to refer to, and to apply, the "same evidence" test.  See, e.g., Care Institute, 612 N.W.2d at 448.  From these cases it would appear the "same evidence" test complements, rather than supplants, the "same transaction" test.

were proper - the Minnesota Supreme Court found the second claim was not barred by res judicata.  Noting that the first action had focused on events prior to 1998, the Court observed, "[e]ntirely different evidence is necessary to sustain the Hauschildts' claim that the officers' 1998 acts and omissions were a breach of fiduciary duty, negligence, or a misrepresentation by omission."  Id. at 841.

In another case, a plaintiff injured in an automobile accident brought a personal injury action against the driver of the other car, followed by a lawsuit against her own insurer for breach of contract as a result of its failure to pay mandatory no-fault insurance benefits.  See Nelson v. Am. Family Ins. Group, 651 N.W.2d 499, 512 (Minn. 2002).  As it happened, both drivers were insured by the same company.  Although both actions arose from the same automobile accident, and involved the same parties (the victim and the insurer), the Minnesota Supreme Court concluded the breach of contract claim against the insurer was "not identical" to the personal injury tort claim against the tortfeasor and therefore not barred by res judicata.  Id.

In Care Institute, a Minnesota tax court exempted an assisted living facility from past property taxes in a 1996 decision.  In the years following that decision, Ramsey County continued to assess property taxes against the facility, and to challenge the facility's entitlement to exempt status.  The Minnesota Supreme Court held the assessment of taxes in subsequent years not barred by res judicata, because the facts upon which the exemption was based could change from year to year.  Care Institute, 612 N.W.2d at 448.  As a result, "the same evidence [would] not sustain both actions."  Id.

In contrast, res judicata bars a second action based on identical factual allegations, even if the theory of recovery is different.  See, e.g., Gilbert, 90 N.W. at 768 (two lawsuits arising out

12

of same nuisance during same period of time; first action for abatement bars second action for

damages); Nelson v. Short-Elliot-Hendrickson, Inc., 716 N.W.2d 394, 399 (Minn. Ct. App.

2006) (prior nuisance claim bars landowner's subsequent negligence claim where "similar, if not

identical evidence" would have to be presented about design and installation of stormwater

system); Paulos v. Johnson, 597 N.W.2d 316, 319 (Minn. Ct. App. 1999) (prior action for

medical negligence bars patient's subsequent suit against same doctor for misrepresentation of

qualifications, where the damages alleged are identical to those in negligence action); Nitz v.

Nitz, 456 N.W.2d 450, 451-52 (Minn. Ct. App. 1990) (prior action for negligent installation of a

birdfeeder bars subsequent action for negligent maintenance and inspection of the same

birdfeeder, where facts alleged are "virtually identical"); Anderson, 363 N.W.2d at 333 (prior

federal securities action bars state fraud action based on "same set of facts" related to stock

purchase negotiations); Hanson v. Friends of Minnesota Sinfonia, 2006 WL 1738243, *3 (Minn.

Ct. App. June 27, 2006) (unpublished) (prior negligence action bars subsequent action for

negligent infliction of emotional distress arising out of same accident where factual allegations

in first complaint were "repeated verbatim" in second).

　　　　Viewed against the backdrop of these cases, the claims in Mooney and the claims in

Negrete, Jones, Rivera and Ostrow do not arise out of the "same set of factual circumstances"

necessary for res judicata.  The Mooney complaint is manifestly different from the other Allianz

cases; this is not a situation where plaintiffs have transported Mooney's factual allegations into a

subsequent lawsuit.  Compare Amended Class Action Complaint [Docket No. 23] with Burt

Decl. Exs. 3 (Negrete Complaint), 4 (Healey Complaint), 10 (Jones Complaint), 14 (Rivera

Complaint) and 15 (Ostrow Complaint).  While the overlapping claims do arise from the

purchase of the same annuities at the same time using the identical sales materials, those sales materials include many independent representations of fact about different features of complex annuity products.  Several of the complaints allege the promise of bonuses, the focus of <u>Mooney</u>, as part of a wide range of alleged misconduct.  <u>See, e.g.</u>, Jones Complaint ¶¶ 18, 19, 23, 35.  But they also allege additional misrepresentations of fact about fundamentally different features of the annuities, which are claimed to have caused different damages to be proven by different evidence.

A comparison of the alleged misrepresentations is instructive.  <u>Mooney</u> alleged plaintiffs purchased deferred annuities "because Allianz promised to pay . . . an upfront 10% premium bonus" and represented that the bonus would exceed the penalties plaintiffs would pay to surrender their existing annuities.  Mooney Am. Compl. ¶¶ 6, 15.  <u>Negrete</u> alleges seniors were induced to purchase deferred annuities with maturity dates that exceeded their own life expectancies by relying on Allianz's promise that the annuities offered "free withdrawals" and "special access to money for emergencies," while being "suitable for senior citizens" and "satisfy[ing] estate and financial planning requirements."  <u>Negrete</u> Compl. ¶ 96.  <u>Jones</u> alleges Allianz promised the annuities would generate interest within a specified range, yet never paid as much interest as was promised.  <u>Jones</u> Compl. ¶¶ 48-51.  <u>Rivera</u> alleges Allianz promised purchasers of index-based deferred annuities that it would adjust the index every month based on the annuity purchase date ("monthiversary"), but in fact made the adjustment as of the day before, resulting in lower earnings.  <u>Rivera</u> Compl. ¶¶ 28-32.  <u>Ostrow</u> alleges a wide range of misrepresentations, including that Allianz promised there was "no risk of loss," no sales charges, loads, or fees, and that 100% of the premiums earned interest.  <u>Ostrow</u> Compl. ¶ 2.  Finally,

Negrete alleges a nationwide scheme to target seniors for sales of unsuitable investments; Jones

alleges both a nationwide scheme and a breach of fiduciary duty.  Negrete Compl. ¶¶ 45-83;

Healey Compl. ¶¶ 26-42, 51-75; Jones Compl. ¶¶ 41-47.

Because the complaints allege different promises and representations as well as different

injuries, plaintiffs' claims are factually distinct.  The Mooney class notice described the

allegations of the Amended Class Action Complaint as follows:

> Plaintiffs say that Allianz deceptively marketed and sold the Two-Tiered Bonus
> Annuities.  Allianz stated that every Plaintiff would "receive" or "get" an
> "immediate" or "up front" bonus.  Despite these representations, Allianz required
> Plaintiffs to hold each Annuity in deferral for five years or more and subsequently
> annuitize each Annuity over a period of a minimum of ten years (five years for
> beneficiaries).  Plaintiffs also say that if a Plaintiff annuitizes within the first ten
> years, Allianz assesses an undisclosed expense recovery adjustment against the
> annuitization value of the annuity that reduces the value of the bonus.

[Docket No. 221-1] ("Class Notice").  The evidence in Mooney - what Allianz said about "up

front" bonuses, and when those bonuses were actually paid - is irrelevant to the claims in

Negrete, Jones, Rivera and Ostrow.  Because these claims do not arise out of the same

misrepresentations, they are not barred by res judicata.  And because the first required factor of

res judicata is not met, there is no need to consider the other factors.

Even if res judicata applied, the Court would decline to issue an injunction against the

Negrete plaintiffs for reasons of equity.  Minnesota holds that res judicata is not to be applied

rigidly, and that the inquiry should focus on whether barring a claim works an injustice to

plaintiffs.  See Hauschildt, 686 N.W.2d at 837.

Here, the Plaintiffs in Negrete[10] will be prejudiced if Allianz is allowed to assert the

---

[10] The Court finds no prejudice as to Jones, which at Allianz's instance has been stayed
since 2007, or as to Rivera and Ostrow, filed after the Mooney judgment became final.

defense of res judicata at this late stage.  "The doctrine of res judicata exists in order to relieve

parties of the burden of relitigating issues already determined in a prior action, that a party may

not be twice vexed for the same cause."   Beutz v. A.O. Smith Harvestore Prods., Inc., 431

N.W.2d 528, 531 (Minn. 1988) (internal quotation omitted).  As the Restatement (Second) of

Judgments provides:

> Where the plaintiff is simultaneously maintaining separate actions based upon
> parts of the same claim, and in neither action does the defendant make the
> objection that another action is pending based on the same claim, judgment in one
> of the actions does not preclude the plaintiff from proceeding and obtaining
> judgment in the other action.  The failure of the defendant to object to the splitting
> of the plaintiff's claim is effective as an acquiescence in the splitting of the claim.

Restatement (Second) of Judgments § 26(a) (1982), comment 1.  While the Minnesota Supreme

Court has not yet considered the question, the Minnesota Court of Appeals has applied § 26(a) in

one case to date.  See Buchanan v. Dain Bosworth Inc., 469 N.W.2d 508, 510 (Minn. Ct. App.

1991).  In that case, the plaintiff brought simultaneous state and federal lawsuits; because the

defendants "did nothing in either state or federal court to indicate acquiescence" to claim

splitting, no waiver was found.  Id.  Arguably, by requiring a "positive indication" of

acquiescence, the Minnesota Court of Appeals may require more than Section 26(a) itself does.

See Klipsch, Inc. v. WWR Technology, Inc., 127 F.3d 729, 734 (8th Cir. 1997) (holding that

failure to object to claim splitting prior to judgment demonstrates acquiescence).

Under either standard, however, the Court finds Allianz has acquiesced in claim splitting

in Negrete.  Negrete was pending for nearly four years before Mooney went to trial, and Allianz

was fully aware of the overlapping claims.  Allianz never objected to this Court that the Mooney

plaintiffs were splitting their claims; it did not seek a stay, as it did in Jones; and it did not

request that the class notice advise the overlapping plaintiffs that a judgment in Mooney would bar their claims in Negrete. Allianz vigorously opposed class certification on several grounds, and twice moved to decertify - but never mentioned claim splitting as a reason for decertification [Docket Nos. 50, 79, 110].

Not only did Allianz fail to timely object to claim splitting, but it also affirmatively represented that the claims in Mooney and Negrete were different. Allianz might have elected not to oppose Negrete counsel's efforts to consolidate all actions before Judge Snyder in California; instead, Allianz opposed consolidation, assuring the MDL panel that separate, simultaneous litigation was appropriate. See Burt Decl. Exs. 20 at 3-4, 21 at 7. That Allianz had to defend the non-overlapping claims is irrelevant. Certainly Allianz was entitled to decide it was not worthwhile to object to claim splitting; that is the nature of waiver. But having made a decision, Allianz cannot belatedly change its mind to plaintiffs' prejudice.

The Court finds Allianz acquiesced in claim splitting in Negrete and Mooney. If Allianz truly believed the claims were the same, it had many opportunities to protect its rights. It might have (a) moved for a stay in Mooney; (b) supported consolidation of the cases in multidistrict litigation, or at least declined to oppose consolidation on the grounds that the cases were different; (c) objected to Mooney class certification on the grounds of claim-splitting; (d) requested that the Mooney class notice be drafted to alert Negrete plaintiffs that they would be precluded; and (e) objected to claim-splitting at any time prior to entry of the Mooney judgment. See Anderson, 363 N.W.2d at 333 (when plaintiffs filed identical federal and state court actions, defendants "moved immediately to dismiss or stay" the state court action).

An injunction at this late stage will work an injustice on the Negrete plaintiffs. The class

notice in Mooney identified the individuals who were excluded from the class, including

plaintiffs in the Iorio class action.  Class Notice at 5.  It did not identify any other class action by

name, including Negrete.  The description of the action focused entirely on the promise of an

"immediate" bonus; it did not suggest that plaintiffs might also have claims about access to

funds, the payment or calculation of interest rates, and schemes to target senior citizens with

inappropriate investments.  The Class Notice also stated that by doing nothing, a plaintiff gave

up the right to sue Allianz "about the same legal claims that are the subject of this lawsuit."  Id.

at 6.  While the Court found the Class Notice was sufficient to advise plaintiffs of their rights

concerning the claims in Mooney, the Court was not asked to - and did not - consider whether it

advised plaintiffs of the effect on any other claims.  Considering the question now, the Court

finds the Mooney Class Notice insufficient to put Negrete plaintiffs on notice that their claims

unrelated to bonuses might be precluded.   For example, the notice did not apprise plaintiffs that

they would be "barred from proceeding with any other existing suits," nor did the Mooney

judgment enjoin plaintiffs from asserting "any . . . claim of any nature whatsoever which any of

them may have" in connection with their Allianz annuity purchases. Compare Thompson, 992

F.2d at 188 (applying res judicata after broadly-worded notice).

 The Court is mindful that a major reason res judicata exists is to protect defendants from

multiple lawsuits and to promote judicial economy.  In opposing the certification of a nationwide

Mooney class, Allianz recognized the challenge of instructing a jury on 48 states' consumer

fraud statutes [Docket No. 79 at 14 ("the fact that it would be difficult (if not impossible) to

apply 48 separate laws in the same case simply demonstrates that a class action involving 48

jurisdictions is not manageable under Rule 23(b)(3) and thus should not be certified.")].  Yet if

this Court were to find plaintiffs claims are precluded, as Allianz asks, plaintiffs would be obliged to raise in a single class action every possible theory of liability and damages under all 50 states' and federal statutes and common law, for every statement made in each annuity's sales materials.  Proceeding in such a manner clearly does not facilitate judicial economy; but if Allianz desired it, the time to seek it was before, not after, judgment was entered in Mooney.

The import of the Mooney judgment as it relates to other proceedings is not for this Court to decide.  The motion for a permanent injunction is denied.

## C.      Motion to Intervene

Negrete Plaintiffs move to intervene for the purpose of litigating whether their claims are precluded by the Mooney judgment.  A timely[11] motion to intervene under Federal Rule of Civil Procedure 24(a) should be granted where "(1) the proposed intervenor has an interest in the subject matter of the action; (2) the interest may be impaired; and (3) the interest is not adequately represented by an existing party to the action."  Kansas Pub. Emp. Ret. Sys. v. Reimer & Koger Assocs., Inc., 60 F.3d 1304, 1307 (8th Cir. 1995).

The Court finds intervention is not appropriate here.  As already noted, the Mooney case has been litigated, and judgment has been entered.  The Negrete Plaintiffs are intervening too late to affect the outcome of the Mooney litigation, and have no interest in that outcome.  Their interest is in continuing to pursue their other claims before Judge Snyder.  That interest is not an "interest relating to the property or transaction which is the subject of the action."  Fed. R. Civ.

---

[11] Allianz argues the motion to intervene is untimely under Local Rule 7.1 because it was filed less than 42 days prior to the hearing.  Opposition [Docket No. 602] at 2, n.2.  Because the intervention motion was filed after a hearing date had been set for the injunction motion, see Docket No. 578, and because there was ample time for the intervention motion to be fully briefed before that date, the Court in its discretion elected to hear both motions at the same time.

P. 24(a)(2).

The Court also finds <u>Negrete</u> Plaintiffs' interest in <u>Mooney</u> will be adequately represented by <u>Mooney</u> Plaintiffs.  The <u>Mooney</u> Plaintiffs have presented a spirited opposition to Allianz's motion for an injunction, and the Court has full confidence in the ability of <u>Mooney</u> counsel to fulfill all fiduciary obligations to the class.  Although the preclusion issue requires detailed consideration of the <u>Negrete</u> claims, which were not at issue in <u>Mooney</u> and are substantially different from the <u>Mooney</u> claims, the Court finds that the <u>Negrete</u> Plaintiffs' interests will be adquately protected by appearing as amicus curiae, which Allianz has indicated it will not oppose.  Opp. at 2.  Intervention in <u>Mooney</u> at this stage is not necessary to protect the <u>Negrete</u> Plaintiffs' interests.  The motion to intervene is denied.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for a Permanent Injunction [Docket No. 572] is **DENIED**, and the motion to intervene [Docket No. 592] is **DENIED**.

BY THE COURT:


     s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  May 11, 2011.